UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JAMIE DEMELLO, et al., <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES OF AMERICA, et al., <br><br> Defendants. | CASE NO. C16-5741 <br><br> ORDER GRANTING MOTION FOR DEFAULT JUDGMENT |

This matter comes before the Court on Plaintiff's motion for default judgment. Dkt. 59. Plaintiffs move for entry of default judgment against Defendant Adonis Brown in the sum of $1,130,000. *Id.* On December 13, 2016, the Clerk entered default against Brown. Dkt. 15. On April 30, 2018, Plaintiffs moved for entry of default judgment. Dkt. 59

Plaintiffs move for entry of default judgment pursuant to Rule 55(b)(1) of the Federal Rules of Civil Procedure. Dkt. 59. However, the entry of default judgment pursuant to Rule 55(b)(1) is allowed only where a claim is for a "sum certain or a sum that can be made certain by computation." Fed. R. Civ. P. 55(b)(1). If a claim is not for a

ORDER - 1

sum certain, a party must apply to the Court for default judgment. Fed. R. Civ. P. 55(b)(2). Under Rule 55(b)(2), "factual allegations in the complaint relating to liability are automatically taken as true, but allegations regarding the amount of damages are not." *Taylor Made Golf Co., Inc. v. Carsten Sports, Ltd.*, 175 F.R.D. 658, 661 (S.D. Cal. 1997). Accordingly, a motion must be supported by evidence establishing an appropriate sum of damages. The Court may conduct hearings or make referrals when it needs to "(A) conduct an accounting; (B) determine the amount of damages; (C) establish the truth of any allegation by evidence; or (D) investigate any other matter." Fed. R. Civ. P. 55(b)(2). "A default judgment may be entered without a hearing on damages when the amount claimed is capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits." *Taylor Made Golf Co., Inc.*, 175 F.R.D. at 661.

The Court determines that neither the physical and mental pain and suffering alleged by Plaintiffs, nor the economic damages suffered from Plaintiff Alexander Demello's premature loss of life constitute a "sum certain" for the purposes of Rule 55(b)(1). Accordingly, any entry of default judgment must be granted by the Court pursuant to Rule 55(b)(2). Nonetheless, Plaintiffs have submitted a research summary from the Social Security Administration indicating $1,130,000 as the estimated lifetime earnings of a male with less than a high school education. *See* Dkt. 59-1. The Court finds that this adequately supports a finding that Plaintiffs are entitled to $1,130,000 of economic damages in the context of Alexander Demello's survival action. This amount does not account for medical, hospital, medication expenses, and emotional damages to which the surviving Plaintiffs are likely entitled under an action for injury or death of a

minor child pursuant to RCW 4.24.010 or Plaintiff A.D.'s claim for negligent infliction of emotional distress. Nonetheless, if Plaintiffs do not seek to pursue these claims in their motion for default judgment, the Court will not burden them with the potentially prohibitive costs associated with proving such claims' resulting damages.

Plaintiffs' motion for default judgment (Dkt. 59) is **GRANTED** pursuant to Rule 55(b)(2). The Clerk shall enter a **JUDGMENT** against Defendant Adonis Brown and in favor of Plaintiffs in the amount of $1,130,000 and close the case.

Dated this 5th day of June, 2018.

BENJAMIN H. SETTLE
United States District Judge